**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0397-15T1

ALI ABDI and
EMAMIAN ABDI,

    Plaintiffs,

v.

JOSEPH LOONAM and
DANIELLE LOONAM,

    Defendants.

_____

JOSEPH LOONAM and
DANIELLE LOONAM,

    Plaintiffs-Respondents,

v.

ALI ABDI and EMAMIAN
ABDI a/k/a EFFAT S. EMAMIAN,

    Defendants-Appellants.

_____

        Argued November 1, 2017 — Decided November 21, 2017

        Before Judges Fuentes, Manahan and Suter.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket Nos. L-
        9477-13 and L-2620-14.

Ali Abdi, appellant, argued the cause pro se.

Edward J. Bowen argued the cause for respondents.

PER CURIAM

Appellants Ali and Emamian Abdi (the Abdis) appeal from a judgment of the Law Division awarding respondents Joseph and Danielle Loonam (the Loonams) damages based upon a failure to return a security deposit and for payment of their counsel fees per N.J.S.A. 46:8-21.4. We affirm for the reasons set forth in the thoughtful, well-reasoned oral opinion of Judge Mary F. Thurber. As we write for the parties who are familiar with the procedural and factual history, we add only the following.

This case arises from an action initially filed in the Special Civil Part by the Loonams seeking the return of their security deposit based upon the termination of their tenancy of a single-family residence owned by the Abdis. Thereafter, the Abdis filed an answer and counterclaim, which sought compensation for numerous claims of damage to the property. The Abdis also sought removal of the matter to the Law Division and, after denial, filed complaints based upon the same matters in dispute in the Special Civil Part and in the Law Division. Ultimately, all actions were consolidated and a bench trial was held over six days before Judge Thurber. At the conclusion of the trial, the judge entered

judgment in favor of the Loonams for the return of the security deposit, less certain property damage amounts. In accord with the applicable statute, the judge doubled the net amount improperly withheld and awarded statutory counsel fees in favor of the Loonams.

On appeal, the Abdis raise thirteen points including the award of counsel fees, the valuation of damages to the property, the "misconduct" of the Loonam's counsel, and the request for a new trial.[1]

Having reviewed the trial record, we are satisfied that the judge's findings are supported by substantial credible evidence in that record as a whole. Rova Farms Resort, Inc., v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974). We are further satisfied that the judge's determination of damages was grounded in the credible evidence adduced during the trial.

We are similarly satisfied that the award of counsel fees, as authorized by statute, was premised upon a thorough review by the judge of the quantum of fees requested in connection with controlling decisions of law and the applicable N.J. Court Rule

---

[1] The Abdis also raise several arguments that were not raised before the trial judge. As those arguments do not involve matters of substantial public interest, we have not considered them in reaching our decision. Neider v. Royal Idem. Ins. Co., 62 N.J. 229, 234 (1973).

and Rule of Professional Conduct (RPC). See Rendine v. Pantzer, 141 N.J. 292, 317 (1995); R. 4:42-9(b), RPC 1.5(a). We only add that the Loonams sought payment of $37,540 in counsel fees. The judge awarded $25,000.

Finally, to the extent we have not addressed specific arguments raised by the Abdis before Judge Thurber and on appeal, we conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION